UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| **IN RE:** | : | **CASE NO. 25-02821-TOM11** |
| | : | |
| **Independent MedEquip, LLC, et al.,**[1] | : | **CHAPTER 11** |
| | : | |
| **Debtor(s).** | : | |

**PRIME ALLIANCE BANK, INC.'S OBJECTION TO THE DISCLOSURE STATEMENT FOR JOINT PLAN OF REORGANIZATION**

Comes now Prime Alliance Bank, Inc. ("Prime Alliance") and files this, its objection to the "Disclosure Statement For Joint Plan of Reorganization" (hereinafter the "Disclosure Statement", Docket No. 367), and in support thereof would show the Court as follows:

**Background & Facts**

1. iMedEquip LLC (the "Debtor") commenced this case by filing a voluntary petition for relief under Chapter 11 of the Bankruptcy Code on September 18, 2025 (the "Petition Date").

2. Prior to the Petition Date, on or about June 8, 2023, Avtech Capital LLC ("Avtech") leased a number of items of commercial equipment to the Debtor (collectively referred to herein as the "Equipment") for use in its business pursuant to the terms of a master lease agreement numbered 2061729 (the "Lease").

3. In exchange, the Debtor promised to make certain payments as set forth in the Lease and granted Avtech a security interest in the leased Equipment.

[1] The Debtors in these cases are: Independent MedEquip, LLC (25-02821-TOM11); iMedEquip LLC (25-02823-TOM11); Viking Medical Supply, LLC (25-02824-TOM11); Independent Offices LLC (25-02826-TOM11); MedAlliance LLC (25-02827-TOM11); Cloud City Medical, LLC (25-02829-TOM11); Physicians Choice Medical, LLC (25-02830-TOM11); Central Mobility & Rehab Equipment, LLC (25-02831-TOM11); Georgia Medical Supply of Richland, LLC (25-02832-TOM11); Lifeaid Medical Equipment LLC (25-02834-TOM11); and Life Medical Supply LLC (25-02835-TOM11).

4. Avtech assigned its interest in the Lease and the leased Equipment to Prime Alliance on June 8, 2023.

5. Prime Alliance owns the Equipment and has also filed various UCC-1 Financing Statements related to the Equipment.

6. Prime Alliance has previously filed a proof of claim (Claim No. 13 in Case No. 25-02823) reflecting a total remaining lease balance as of the petition date in the amount of $294,40935. The claim includes copies of the Lease and applicable UCC filings, as well as specific descriptions of the leased Equipment, and is incorporated herein by reference.

7. To date, the Debtor has not assumed or rejected the Lease Agreement but remains in possession of the Equipment.

8. The Debtor and Prime Alliance previously entered into an agreed order related to the Lease (Docket No. 352, entered June 25, 2026), in which the parties agreed that Debtor would make temporary payments for the continued use of the Equipment. That agreed order explicitly reserved the question of whether the Lease would be assumed or rejected.

## The Disclosure Statement

9. The Disclosure Statement contains no mention of Prime Alliance or its Lease.

10. The Disclosure Statement likewise contains no mention of the Equipment, its status, or its disposition.

11. In addition, Prime Alliance can find no reference to itself, its claim, or the Equipment anywhere in the Debtor's proposed Plan (the "Plan", Docket No. 368).

12. The Disclosure Statement does include a discussion of the Debtor's procedures for assuming or rejecting executory contracts (Docket No. 367, Pages 29-31); however, these

provisions refer to specific contracts listed in Exhibits "A" and "B" to the Plan. Neither exhibit refers to Prime Alliance or its Lease.

**<u>First Objection: The Disclosure Statement Does Not Provide "Adequate Information"</u>**

13. Under 11 U.S.C. §1125(b), prior to solicitation of acceptances and rejections of a plan of reorganization, the Debtor must have a written disclosure statement approved by the Court that contains "adequate information".

14. In relevant part, §1125(a) defines "adequate information" as:

> "information of a kind, and in sufficient detail, as far as is reasonably practicable in light of the nature and history of the debtor and the condition of the debtor's books and records, including a discussion of the potential material Federal tax consequences of the plan to the debtor, any successor to the debtor, and a hypothetical investor typical of the holders of claims or interests in the case, that would enable such a hypothetical investor of the relevant class to make an informed judgment about the plan".
>
> *See In Re: Divine Ripe L.L.C.* 554 B.R. 395 (S.D. Tex. 2016).

15. The Court may conduct a case-by-case factor analysis of whether "adequate information" has been provided to creditors of the estate. *See In Re A.H. Robins Co., Inc.*, 880 F.2d 694 (4th Cir. 1989). However, the goal of such analysis is to determine whether creditors can make an informed decision about their acceptance and rejection of the proposed plan. *See In Re: Divine Ripe L.L.C.* 554 B.R. 395 (S.D. Tex. 2016); *See generally In re Metrocraft Pub. Servs., Inc.,* 39 B.R. 567 (Bankr.N.D.Ga.1984).

16. Further, claims are generally allowed as-filed unless objected to. *See* 11 U.S.C. §502, et. seq. No such objection has been filed as to Prime Alliance's claim.

17. Here, Prime Alliance's allowed claim based on its Lease is omitted entirely from both the Plan and Disclosure Statement. Prime Alliance cannot determine whether the Debtor means to assume or reject its Lease, whether the leased Equipment is still in the possession of the Debtor and in use, or whether the Debtor is considering the nature and extent of its claims at all.

18. Prime Alliance therefore cannot make an informed decision about its acceptance or rejection of the Debtor's plan of reorganization.

**Reservation of Additional Objections**

19. Prime Alliance expressly reserves the right to raise additional objections to the Disclosure Statement and the Plan in the event that either document is amended to add specific treatment for the Lease.

WHEREFORE, Prime Alliance prays that the Court deny approval of the Debtor's proposed Disclosure Statement and for such other and further relief as this Court deems just and appropriate.

Dated: August 10, 2026

/s/ Matthew J. Lee
Georgia Bar No. 140814,
*admitted pro hac vice*
WRIGHT LAW GROUP, PLLC
1870 The Exchange SE, Suite 220
PMB 84356
Atlanta, GA 30339
Direct: (404) 445-2893
Email: mjl@replevin.com
*Counsel for Prime Alliance Bank, Inc.*

## CERTIFICATE OF SERVICE

This is to certify that I have this day served a true and correct copy of the within PRIME ALLIANCE BANK, INC.'S OBJECTION TO THE DISCLOSURE STATEMENT FOR JOINT PLAN OF REORGANIZATION, filed in this bankruptcy matter via electronic notice to parties and their representatives who are ECF Filers, or by depositing a copy of same in the United States Mail, postage prepaid, to all other interested parties addressed as follows:

*By USPS mail to the attached mailing matrix.*

Independent MedEquip, LLC
PO Box 550309
Birmingham, AL 35255-0309

William Wesley Causby (via CM/ECF)
Memory Memory & Causby, LLP
P.O. Box 4054
Montgomery, AL 36103

Stuart H. Memory (via CM/ECF)
Memory Memory & Causby, LLP
P.O. Box 4054
Montgomery, AL 36103

Strategic Office Support, LLC (via CM/ECF)
c/o Steven Cela
4003 Bellaire Blvd. STE F
Houston, TX 77025

Jeffery L. Campora (via CM/ECF)
334 Cedar Bluff Drive
Winchester, TN 37398

Motus Nova LLC (via CM/ECF)
c/o David Wu
3636 Habersham Road, Suite 2406
Atlanta, GA 30305-1196

Pride Mobility Products Corp (via CM/ECF)
c/o David Wu
401 York Avenue
Duryea, PA 18642

Bill D Bensinger (via CM/ECF)
Christian & Small, LLP
1800 Financial Center
505 North 20th Street
Birmingham, AL 35203

Elli Anne Bradley Jennings (via CM/ECF)
Christian & Small LLP
505 20th Street North
Ste. 1800
Birmingham, AL 35203

Dated: August 10, 2026 /s/Matthew J. Lee