**UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **IN RE:** | ) | |
| | ) | **CASE NO. 25-02821-TOM** |
| **INDEPENDENT MEDEQUIP,** | ) | |
| **LLC, *et al.*,** | ) | **CHAPTER 11** |
| | ) | |
| **DEBTOR.** | ) | |

---

**HUNTINGTON BANK'S OBJECTION TO DEBTORS' DISCLOSURE STATEMENT [DOCKET 367]**

---

Huntington Bank, formerly Cadence Bank ("Cadence"), provides these preliminary objections (which it reserves the right to supplement), as follows:

## I. Background Facts

1. This case involves a medical supply business which is comprised of several different entities. They provide durable medical equipment ("DME"), such as hospital beds oxygen tanks, out-patient transfer equipment, and other such equipment to patients located generally in the homes.

2. Cadence provided a $4.5 Million dollar loan to several of the Debtor entities which is secured by an "all assets" pledge. The Debtors have acknowledged that Cadence holds valid and enforceable liens in the cash collateral and on the real estate (defined below) and rents therefrom.

3. Before filing bankruptcy, the Debtors approached Cadence with an LOI for $1.8MM for the purchase of the real property upon which Cadence holds a first mortgage.

4. As part of the Debtors' initial proposed budget, the Debtors proposed to pay $900,000 to Cadence in October, 2025, from the proceeds of this "sale." As foretold by Cadence, the LOI did not materialize into a sale. Indeed, despite retaining a broker, the real estate remains unsold.

5. Further, over the objection of Cadence, the Debtors obtained DIP financing which has become an albatross about the Debtors' necks. The Disclosure Statement does not provide for a take-out lender as to this high interest loan.

## II. Objection to the Disclosure Statement

6. The Disclosure Statement provides that Cadence is fully secured in the amount of $3,415.026 with a first lien in the amount of $900,000 in the real estate and a third priority position in the non-titled personal property of the Debtors (subject to purchase-money security interests).

7. Cadence has a perfected "all assets" pledge in the Debtors. So, presumably the Debtors intend for their description of non-titled personal property to include both tangible and intangible personalty.

8. While Debtors' counsel has indicated that Cadence's security interests are subject to those of the DIP lender and the SBA, there is no detailed analysis to support this claim and, therefore, Cadence does not acknowledge this.

9. Central to the Debtors' plan are the sale of the real estate and the sale of the Debtors' hospice business. Yet, the Disclosure Statement is lacking in any material description of how either of these will be effected.

10. Accordingly, for these and other reasons, the principal purpose of a disclosure statement—determining the feasibility of the plan—cannot be gleaned.

11. Cadence reserves its rights to supplement these objections.

DATED: August 10, 2026.

Respectfully submitted,

*/s/ C. Ellis Brazeal III*
C. ELLIS BRAZEAL III

***Attorney for Cadence Bank***

OF COUNSEL:
**JONES WALKER LLP**
420 20th Street North
Suite 1100
Birmingham, AL 35203
(205) 244-5237
ebrazeal@joneswealker.com

## CERTIFICATE OF SERVICE

I certify that on August 10, 2026, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Northern District of Alabama.

*/s/ C. Ellis Brazeal III*
OF COUNSEL