**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ALABAMA**
**BIRMINGHAM DIVISION**

| | |
|---|---|
| **IN RE:**<br><br>**INDEPENDENT MEDEQUIP[1], LLC, et al.,**<br><br>**Debtors.** | **Case No. 25-02821-TOM11**<br><br>**CHAPTER 11**<br><br>**Substantively Consolidated** |

**THE HUNTINGTON NATIONAL BANK'S OBJECTION TO CONFIRMATION OF DEBTORS' JOINT CHAPTER 11 PLAN OF REORGANIZATION**

The Huntington National Bank ("Huntington"), a secured creditor in these cases, objects to confirmation of the Debtors' Joint Plan of Reorganization (the "Plan"). Huntington requests that this Objection be treated as its rejection of the Plan to the fullest extent permitted. In support, Huntington states as follows:

1. On September 18, 2025 (the "Petition Date"), Independent MedEquip, LLC, iMedEquip LLC, and the other jointly administered debtors filed voluntary petitions under Chapter 11 of the Bankruptcy Code. The cases have since been substantively consolidated.

2. On or about August 31, 2022, iMedEquip LLC entered into an Equipment Finance Agreement associated with Contract/Account No. 501 ("Contract 501") with VGM Financial Services, a division of Huntington, to finance Compass Health equipment. Independent MedEquip, LLC guaranteed the obligations under Contract 501 and granted Huntington a security interest in additional collateral.

[1] The Debtors in these cases are: Independent MedEquip, LLC (25-02821-TOM11); iMedEquip LLC (25-02823-TOM11); Viking Medical Supply, LLC (25-02824-TOM11); Independent Offices LLC (25-02826-TOM11); MedAlliance LLC (25-02827-TOM11); Cloud City Medical, LLC (25-02829-TOM11); Physicians Choice Medical, LLC (25-02830-TOM11); Central Mobility & Rehab Equipment, LLC (25-02831-TOM11); Georgia Medical Supply of Richland, LLC (25-02832-TOM11); Lifeaid Medical Equipment LLC (25-02834-TOM11); and Life Medical Supply LLC (25-02835-TOM11).

3. On November 19, 2025, Huntington filed Proof of Claim No. 30 against iMedEquip LLC in the amount of $105,890.39 arising from Contract 501 ("Claim 30"). Huntington asserts Claim 30 as secured. Claim 30 and its attachments are incorporated herein by reference.

4. Also on November 19, 2025, Huntington filed Proof of Claim No. 32 against Independent MedEquip, LLC in the amount of $105,890.39 arising from its guaranty of Contract 501 ("Claim 32"). Huntington asserts Claim 32 as secured. Claim 32 and its attachments are incorporated herein by reference.

5. On or about March 7, 2023, iMedEquip LLC entered into a Master Lease Agreement and related equipment schedule associated with Contract/Account No. 310 ("Contract 310") with VGM Financial Services, a division of Huntington, to finance Human Care equipment. Independent MedEquip, LLC guaranteed the obligations under Contract 310 and granted Huntington a security interest in additional collateral.

6. On November 19, 2025, Huntington filed Proof of Claim No. 29 against iMedEquip LLC in the amount of $161,359.62 arising from Contract 310 ("Claim 29"). Huntington asserts Claim 29 as secured. Claim 29 and its attachments are incorporated herein by reference.

7. Also on November 19, 2025, Huntington filed Proof of Claim No. 31 against Independent MedEquip, LLC in the amount of $161,359.62 arising from its guaranty of Contract 310 ("Claim 31"). Huntington asserts Claim 31 as secured. Claim 31 and its attachments are incorporated herein by reference.

8. Claims 29 through 32 arise from two underlying equipment-finance obligations totaling $267,250.01. Because Huntington filed direct claims against iMedEquip LLC and corresponding guaranty claims against Independent MedEquip, LLC, the aggregate face amount of the four proofs of claim is **$534,500.02**.

9. On July 15, 2026, the Debtors filed the Plan as Document No. 368.

10. The Plan separately creates Class 20 for the "Allowed Unsecured Claims of Huntington Bank."

11. The Plan does not identify Claims 29, 30, 31, or 32 by claim number, contract/account number, collateral description, invoice number, or filed secured amount.

12. The Plan does not state that Claims 29 through 32 are disallowed, reclassified, bifurcated, valued, surrendered, or otherwise treated as secured claims.

13. The Plan does not specify the allowed secured amount, any unsecured deficiency amount, collateral value, payment amount, payment term, interest rate, lien-retention treatment, or proposed disposition of the collateral applicable to Claims 29 through 32 as filed secured claims.

## OBJECTIONS TO CONFIRMATION

The Plan treats Huntington as the holder of *unsecured* claims even though Huntington filed Claims 29 through 32 as secured claims. The Plan does not identify Huntington's secured claims, value Huntington's collateral, state any allowed secured or unsecured-deficiency amounts, preserve Huntington's liens, or provide secured-claim treatment required by the Bankruptcy Code. Accordingly, the Plan cannot be confirmed.

## I. THE PLAN IMPROPERLY TREATS HUNTINGTON'S FILED SECURED CLAIMS AS UNSECURED CLAIMS

Huntington filed Claims 29 through 32 as secured claims. The Plan, however, creates Class 20 for the "Allowed Unsecured Claims of Huntington Bank" and provides no separate secured-claim treatment for Huntington.

Class 20 does not resolve the defect. The Plan cannot treat Huntington's filed secured claims as unsecured claims without identifying the Claims, stating the proposed allowed secured and unsecured amounts, valuing the collateral, and providing treatment that complies with the Bankruptcy Code.

Nor does the Plan state that Claims 29 through 32 are being disallowed, reclassified, bifurcated, surrendered, or otherwise modified. The Plan's silence prevents Huntington from determining whether the Debtors intend to treat Huntington as unsecured, challenge Huntington's secured status, value the collateral at zero, surrender the collateral, retain the collateral, or provide some other treatment.

Because the Plan fails to identify and properly classify Huntington's filed secured claims, the Plan does not comply with 11 U.S.C. §§ 1122, 1123, and 1129(a)(1).

## II. THE PLAN DOES NOT PROVIDE ADEQUATE MEANS FOR IMPLEMENTATION

Section 1123(a)(5) requires a plan to provide adequate means for implementation. The Plan provides no mechanism by which Huntington can determine the amount to be paid on Claims 29 through 32, the source or timing of payment, the duration of payment, the interest rate, the treatment of defaults, whether Huntington's collateral will be retained or surrendered, or the conditions under which any lien would be released.

A plan must be specific enough for creditors to understand the proposed treatment and for the Court to determine whether that treatment complies with the Bankruptcy Code. The omission of secured-claim treatment for Claims 29 through 32 leaves no discernable treatment to implement and no basis upon which Huntington can make an informed decision regarding acceptance or rejection. Accordingly, the Plan fails to satisfy 11 U.S.C. § 1123(a)(5).

## III. THE PLAN IS NOT FAIR AND EQUITABLE PURSUANT TO 11 U.S.C. § 1129(b)(2)(A)

To the extent the Debtors intend to confirm the Plan over Huntington's rejection, the Plan fails to satisfy 11 U.S.C. § 1129(b)(2)(A).

For a class of secured claims, the plan must provide for lien retention and deferred cash payments having a value, as of the effective date, at least equal to the value of the secured creditor's

interest in the collateral; a sale subject to 11 U.S.C. § 363(k) with the lien attaching to proceeds; or realization of the indubitable equivalent of the secured claim.

The Plan provides none of these protections with respect to Claims 29 through 32. It does not state the secured amount, value the collateral, preserve Huntington's liens, establish deferred cash payments, provide for a sale subject to Huntington's credit-bid rights, or provide the indubitable equivalent of Huntington's secured Claims.

Without specific secured-claim treatment, the Court cannot determine whether the Plan is fair and equitable to Huntington, and the Plan cannot be confirmed over Huntington's rejection.

## IV. THE PLAN IS NOT FEASIBLE

Section 1129(a)(11) requires a plan to be feasible. The Plan's projections and payment structure do not account for secured-claim treatment of Claims 29 through 32.

Any feasibility analysis necessarily depends upon the amount, classification, collateral value, and payment treatment of Huntington's Claims. Because the Plan treats Huntington as unsecured without addressing Huntington's filed secured claims, the Court cannot determine whether the Debtors can perform their obligations under the Plan while paying Huntington as required by the Bankruptcy Code. Accordingly, the Plan fails to satisfy 11 U.S.C. § 1129(a)(11).

## RESERVATION OF RIGHTS

Huntington reserves the right to supplement this Objection, present valuation and other evidence, challenge any amended plan or confirmation order, object to classification, treatment, disclosure, solicitation, voting, feasibility, and confirmation, assert secured and unsecured-deficiency claims, arrearages, default interest, fees, expenses, adequate-protection, setoff, recoupment, and other rights, and exercise all contractual and nonbankruptcy remedies. Nothing herein is an election of remedies, consent to valuation or impairment, waiver of lien or contract rights, or acceptance of treatment.

WHEREFORE, Huntington respectfully requests that the Court deny confirmation of the Plan and grant such other and further relief as is just and proper.

Respectfully submitted,

*/s/ Christine N. Burns-Brown*
Christine N. Burns-Brown (Ala. Bar 3216L82B)
*Counsel for The Huntington National Bank*


**OF COUNSEL**

**WOMBLE BOND DICKINSON (US) LLP**
200 Davis Circle SW, Suite 200
Huntsville, Alabama 35801
256-834-8652
Christine.Burns-Brown@wbd-us.com


**CERTIFICATE OF SERVICE**

The undersigned certifies that on September 1, 2026, the foregoing was filed using the Court's CM/ECF system, which will automatically provide electronic service to all counsel and parties registered to receive electronic notice in this case.

*/s/ Christine N. Burns-Brown*
OF COUNSEL